UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
TIANJIN RUIFENG KNITTING IMP. & EXP.
CO., LTD.

                            Plaintiff,

       -against-

MP FASHION INC, as Successor-in Interest
to CNJ INTERNATIONAL, INC. CNJ
INTERNATIONAL, INC., MICHAEL PARK a/k/a
MANKYU PARK and PSTEX GROUP, Inc.,

                            Defendants.
------------------------------------------x

**ANSWER**
08 Civ 02748
COTE, J.
ANSWER

       Defendants MP FASHION INC sued herein as Successor-in Interest to CNJ INTERNATIONAL, INC. and MICHAEL PARK a/k/a MANKYU PARK, by their attorney ANTHONY BALSAMO, as and for an answer to the plaintiff's complaint:

       1. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "1" of the complaint.

       2. Denies that CNJ International Inc. was a corporation duly organized under the laws of the State of New Jersey.

       3. Admits that MP Fashions Inc. is a corporation duly organized under the laws of the State of New York, but otherwise denies the allegations set forth in paragraph "3" of the complaint.

       4. Denies knowledge or information sufficient to form a

belief as to the truth of the allegation contained in paragraph "4" of the complaint.

5. Admits the allegations set forth in paragraph "5" of the complaint.

6. Neither admits nor denies the allegations set forth in paragraph "6" of the complaint and respectfully refers all questions of law to the Court.

7. Neither admits nor denies the allegations set forth in paragraph "7" of the complaint and respectfully refers all questions of law to the Court.

8. Denies the allegations set forth in paragraph "8" of the complaint, as at all times, Michael Park, on behalf of CNJ International, was acting on behalf of a disclosed principal.

9. Denies the allegations set forth in paragraph "9" of the complaint, as at all times, Michael Park, on behalf of CNJ International, was acting on behalf of a disclosed principal.

10. Denies the allegations set forth in paragraph "10" of the complaint, as at all times, Michael Park, on behalf of CNJ International, was acting on behalf of a disclosed principal.

11. Denies the allegations set forth in paragraph "11" of the complaint, as at all times, Michael Park, on behalf of CNJ International, was acting on behalf of a disclosed principal.

12. Denies the allegations set forth in paragraph "12" of the complaint, as at all times, Michael Park, on behalf of CNJ International, was acting on behalf of a disclosed principal.

13. Repeats and reiterates all admissions and denials contained in the foregoing answer with reference paragraphs "1" through "13", inclusive.

14. Denies the allegations set forth in paragraph "14" of the complaint, as at all times, Michael Park, on behalf of CNJ International, was acting on behalf of a disclosed principal.

15. Denies the allegations set forth in paragraph "15" of the complaint, as at all times, Michael Park, on behalf of CNJ International, was acting on behalf of a disclosed principal.

16. Repeats and reiterates all admissions and denials contained in the foregoing answer with reference paragraphs "1" through "15", inclusive.

17. Denies the allegations set forth in paragraph "17" of the complaint, as at all times, Michael Park, on behalf of CNJ International, was acting on behalf of a disclosed principal, but states that the goods were shipped directly to the disclosed principal, PSTEX Group, Inc.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph

"20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "21" of the complaint.

22. Repeats and reiterates all admissions and denials contained in the foregoing answer with reference paragraphs "1" through "21", inclusive.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Repeats and reiterates all admissions and denials contained in the foregoing answer with reference paragraphs "1" through "27", inclusive.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31"

of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Repeats and reiterates all admissions and denials contained in the foregoing answer with reference paragraphs "1" through "33", inclusive.

35. Denies the allegations set forth in paragraph "35" of the complaint, and respectfully refers all questions of law to the Court.

36. Denies the allegations set forth in paragraph "36" of the complaint, and respectfully refers all questions of law to the Court.

37. Denies the allegations set forth in paragraph "37" of the complaint, and respectfully refers all questions of law to the Court.

38. Denies the allegations set forth in paragraph "38" of the complaint as same pertain to the defendant Michael Park and CNJ and MP Fashions, and respectfully refer all questions of law to the Court.

39. Denies the allegations set forth in paragraph "39" of the complaint as pertain to the defendant Michael Park, CNJ and MP Fashions, and respectfully refer all questions of law to the Court.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Repeats and reiterates all admissions and denials contained in the foregoing answer with reference paragraphs "1" through "40", inclusive.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Repeats and reiterates all admissions and denials contained in the foregoing answer with reference paragraphs "1" through "48", inclusive.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51"

of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Repeats and reiterates all admissions and denials contained in the foregoing answer with reference paragraphs "1" through "58", inclusive.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

### AS A FIRST AFFIRMATIVE DEFENSE

63. The claims set forth in the complaint are frivolous, as based upon the exhibits annexed to the plaintiffs complaint, the plaintiff was aware that Michael Park as a representative of CNJ was acting on behalf of a disclosed principal.

### AS A SECOND AFFIRMATIVE DEFENSE

64. The claims set forth in the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of action complaint are frivolous as the plaintiff has not made a good faith attempt to verify the allegations contained in said causes of action.

### AS A THIRD AFFIRMATIVE DEFENSE

65. The action against the answering defendants is barred by the applicable Statute of Limitations.

### AS A FOURTH AFFIRMATIVE DEFENSE

66. The complaint fails to properly to state a cause of against the defendant Michael Park, as said individual had disclosed that he was acting in a representative capacity, and within the scope of his employment with CNJ.

### AS A FIFTH AFFIRMATIVE DEFENSE

67. That the complaint fails to properly state a cause of action against Michael Park and CNJ as at all times the defendants were acting as agent for a disclosed principal.

### AS A SIXTH AFFIRMATIVE DEFENSE

68. That the Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action fails to properly state a cause of action.

## AS AND FOR A FIRST CROSS CLAIM
## AGAINST DEFENDANTS PSTEX GROUP, INC.

69). That if the answering defendants are liable to the plaintiff for the monies alleged in complaint, said liability was caused by the active fraud and deception of the defendants PSTEX Group, Inc. as said defendant, having been paid buy its customers, failed to pay the plaintiff for the goods that it ordered through its agent Michael Park and CNJ.

10). That as a result thereof, the answering defendants are entitled to full indemnification for any monies paid to the plaintiff as a result of the claims alleged in the complaint.

WHEREFORE, the answering defendant demands judgment against the plaintiff dismissing the COMPLAINT herein; judgment on the First Cross Claim for full indemnification from PSTEX Group, Inc. together with interest, cost, disbursements and attorneys fees.

DATED: NEW YORK, NEW YORK
       April 16, 2008

ANTHONY BALSAMO AB6323
ATTORNEY FOR DEFENDANTS
Michael Park and
MP Fashion Inc.
40 Exchange Place-Ste-1300
NEW YORK, N. Y. 10005
(212) 785-3434
Fax (212) 425-9237

To: MARTIN W. CHOW,
    ATTORNEY FOR PLAINTIFF
    590 Newark Avenue
    Jersey City, N.J. 07306
    212-233-3700

    PSTEX Group, Inc.
    1410 Broadway
    New York, N.Y. 10018